UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Virginia

| | | |
|---|---|---|
| PAYLESS SHOESOURCE WORLDWIDE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:09cv844 |
| | ) | |
| UNFORGETABLEMOMENTS.COM, | ) | |
| | ) | |
| Defendant. | ) | |

REPORT AND RECOMMENDATION

This matter came before the Court at a hearing on
plaintiff's Motion for Default Judgment on October 30, 2009.
After a representative for defendant UNFORGETABLEMOMENTS.COM
failed to respond to plaintiff's Motion or to appear, the Court
took plaintiff's Motion under advisement.

I. INTRODUCTION

On July 29, 2009, plaintiff Payless Shoesource Worldwide,
Inc.("Payless" or "plaintiff") filed a Complaint against domain
name <unforgetablemoments.com> ("Infringing Domain Name" or
"defendant") seeking injunctive relief under the
AntiCybersquatting Protection Act, 15 U.S.C. § 1125(d)(2)
("ACPA").

Plaintiff has moved for default judgment and requests the
Court enter a permanent injunction directing that ownership of
the Infringing Domain Name be transferred to plaintiff.  (Mot.

For Default J. 6.)

## A.  Jurisdiction and Venue

This Court has *in rem* jurisdiction over the Infringing

Domain Name pursuant to 15 U.S.C. § 1125(d)(2)(A) because the

registry for the Infringing Domain Name is located in this

District.[1]  (Compl. ¶ 2.)  This Court has subject matter

jurisdiction over the action pursuant to 28 U.S.C. §§ 1331

because it arises under a federal law.  (Id. at ¶ 2.)

Venue is appropriate in this District under 28 U.S.C.

§§ 1391(a) and 15 U.S.C. § 1125(d)(2)(C) because the Infringing

Domain Name is maintained by a domain name registry located

within this District.  (Id. at ¶ 17.)

## B.  Service of Process

The ACPA allows the owner of a mark to file an *in rem* civil

action against a domain name and instructs plaintiffs how to

provide sufficient notice of such an action.[2]  In the instant

---

[1] Specifically, Infringing Domain Name
<unforgetablemoments.com> is registered with VeriSign, Inc.
("VeriSign"), which is maintained in this District.  (Compl. ¶
17.)

[2] 15 U.S.C. § 1125(d)(2) provides, in pertinent part:

(A) The owner of a mark may file an in rem civil action against a
domain name ... if

    (i) the domain name violates any right of the owner of a
mark registered in the Patent and Trademark Office, or protected
under subsection (a) or (c) of this section; and

case, plaintiff sent a notice of the alleged violation and intent

to proceed under the ACPA to the registrant of the Infringing

Domain Name at the postal and e-mail address provided by the

registrant to the registrar.  (Sims Decl. ¶ 3.)  Accordingly, the

requirements of 15 U.S.C. § 1125(d)(2)(A)(ii)(II)(aa) have been

satisfied.  On August 25, 2009, the Court entered an Order

waiving publication.  (Sims Decl. ¶ 4; Dkt. No. 5.)  Thus,

paragraph (A)(ii)(II)(bb) also has been satisfied and service of

process is deemed complete pursuant to 15 U.S.C. § 1125(d)(2)(B).

Plaintiff served a copy of the Court's order on defendant by

electronic mail and Federal Express on August 25, 2009.  (Sims

Decl. ¶ 5.)  The Federal Express communication came back as

undeliverable due to defendant's fictitious address, Suite 5,

---

(ii) the court finds that the owner –

    (I) is not able to obtain in personam jurisdiction over a person who would have been a defendant in a civil action under paragraph (1); or

    (II) through due diligence was not able to find a person who would have been a defendant in a civil action under paragraph (1) by –

    (aa) sending a notice of the alleged violation and intent to proceed under this paragraph to the registrant of the domain name at the postal and e-mail address provided by the registrant to the registrar; and

    (bb) publishing notice of the action as the court may direct promptly after filing the action.

(B) The actions under subparagraph (A)(ii) shall constitute service of process.
15 U.S.C. § 1125(d)(2)(A)–(B).

Garden City Plaza, Mountainview Boulevard, Belize, Wisconsin

00000, US.   (Compl. ¶ 2; Sims Decl. ¶ 5.)

**C. Grounds for Entry of Default**

To date, no party with an interest in the Infringing

Domain Name has appeared or otherwise participated in he

proceedings.   (Mot. for Default J. 1-2)

The Clerk entered default against the Infringing Domain

Name on September 29, 2009.   (Dkt. No. 7.)  Plaintiff filed its

Motion for Default Judgment on October 6, 2009 (Dkt. No. 8) and

a hearing was held before the undersigned Magistrate Judge on

October 30, 2009.  When no representative for the Infringing

Domain Name appeared at the hearing on plaintiff's Motion, the

Court took the Motion under advisement to issue this Report and

Recommendation.

## II. <u>FINDINGS OF FACT</u>

Upon a full review of the pleadings, the undersigned

Magistrate Judge finds that plaintiff has established the

following facts.[3]

Plaintiff, a corporation organized under the laws of the

state of Kansas, is the owner of the trademark at issue and the

registrant of <unforgettablemoments.com>, the domain name

consisting of the trademark at issue.  (Compl. ¶¶ 9, 14.)

---

[3] The pleadings include the Complaint (Dkt. No. 1),,
plaintiff's Motion for Default Judgment ("Mot. for Default J.")
(Dkt. No. 8), and the affidavit submitted in support thereof
(Dkt. No. 11).

Payless is the largest speciality family footwear retailer in the Western Hemisphere. (Id. at ¶ 7.) The company was founded in 1956 and now serves millions of customers through its powerful network of more than 4,500 stores, in a variety of retail settings, in all 50 U.S. states, as well as in Puerto Rico, Guam, Saipan, the U.S. Virgin Islands, Canada, Central America, the Caribbean, and South America. (Id.)

In 2006, Payless partnered with fashion designer Lela Rose to develop the Lela Rose for Payless line of seasonal footwear. (Id. at ¶ 8.) Subsequently, Payless and Lela Rose entered into an agreement for Payless's exclusive sale of a line of specialty, wedding-related footwear under the trademark, UNFORGETTABLE MOMENTS. (Id.) Since at least 2008, Payless has widely promoted and advertised the UNFORGETTABLE MOMENTS Mark in advance of the launch of the design collection. (Id. at ¶ 9.) Since that time, Payless has used its UNFORGETTABLE MOMENTS Mark continuously and extensively in interstate commence, and in the Commonwealth of Virginia, in connection with the advertising and sale of its goods under the Mark. (Id. at ¶ 10.)

Each year, millions of Payless customers worldwide obtain goods offered under Payless's family of marks, including the UNFORGETTABLE MOMENTS Mark, and millions are exposed to the UNFORGETTABLE MOMENTS Mark through advertising and promotion, including on the Internet. (Id. at ¶ 13.) Payless or its affiliates engage in substantial advertising of UNFORGETTABLE

5

MOMENTS branded goods in connection with weddings and events,
and the products are reviewed and promoted in fashion magazines
and online fashion columns.  (Id. at ¶ 14.)  As a result of
Payless's substantial advertising and promotion of its
UNFORGETTABLE MOMENTS branded goods, including through
<unforgettablemoments.com>, the general public has come to
associate this Mark with goods of high and uniform quality.
(Id. at ¶ 15.)  Because of Payless's substantial advertising
expenditures, the UNFORGETTABLE MOMENTS Mark has become very
well-known among members of the purchasing public as a
distinctive indicator of the goods offered by Payless.  (Id. at
¶ 16)

    Notwithstanding Payless's rights in the UNFORGETTABLE
MOMENTS Mark, Belize Domain WHOIS Service Lt. (hereinafter
"Company") began using the <unforgetablemoments.com> domain name
with the bad faith intent to profit from the goodwill associated
with the UNFORGETTABLE MOMENTS Mark.  (Id. at ¶ 17.)  The
Company has a documented history of cybersquatting.  (Id. at ¶
18.)  The Company is currently the registrant of at least
100,000 domains, including many domains that are identical or
confusingly similar to registered third party trademarks such as
<KOWASOKI.COM> and <BLACKBARRY.NET>.  (Id. at ¶ 18.)  The
Company has registered these domains for the purpose of selling
them for profit and/or obtaining "pay-per-click" revenue.  (Id.
at ¶ 19.)

The Infringing Domain Name is a common misspelling of Payless's UNFORGETTABLE MOMENTS Mark and merely omits a "t." (Id. at ¶ 20.)  The Infringing Domain Name is used in connection with a website that displays links to footwear, namely evening shoes, bridal shoes, and discount shoes, that are related to the goods offered by Payless under the UNFORGETTABLE MOMENTS Mark. (Id. at ¶ 21.)  The Company's use of a domain name that incorporates a common misspelling of Payless's distinctive UNFORGETTABLE MOMENTS Mark is likely to cause confusion among customers and prospective customers who visit the website at www.unforgetablemoments.com.  (Id. at ¶ 25.)  The Company has engaged in said infringing use despite having actual knowledge of Payless's prior rights in the Mark.  (Id. at ¶ 26.)

The Company's infringing conduct is causing and is likely to cause substantial injury to the public and to Payless.  (Id. at ¶ 34.)

### III. EVALUATION OF PLAINTIFF'S COMPLAINT

Plaintiff contends that the Infringing Domain Name is confusingly similar to its famous Mark and was registered with bad faith intent, in violation of 15 U.S.C. § 1125(d).  (See Compl. ¶¶ 29-30.)  Plaintiff seeks an order directing the transfer of the registration of the Infringing Domain Name from the current registrant to plaintiff, pursuant to 15 U.S.C. § 1125(d)(1)(C).

Where a defendant has defaulted, the facts set forth in the plaintiff's complaint are deemed admitted.  Before entering default judgment, however, the court must evaluate the plaintiff's complaint to ensure that the complaint properly states a claim.  GlobalSantaFe Corp. v. Globalsantafe.com, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003).  As such, in issuing this Report and Recommendation, the undersigned Magistrate Judge must evaluate the plaintiff's claim against the standards of Fed. R. Civ. P. 12(b)(6).

Pursuant to the Lanham Act, "[t]he owner of a mark may file an in rem civil action against a domain name in the judicial district in which the domain name registrar, domain name registry, or other domain name authority that registered or assigned the domain name is located if (1) the domain name violates any right of the owner of a mark . . . protected under subsection [1125](a) or [1125](c)."  15 U.S.C. § 1125(d)(2)(A). Plaintiff alleges that the Infringing Domain Name is confusingly similar to plaintiff's UNFORGETTABLE MOMENTS Mark and has been registered with the bad faith intent of profiting unlawfully from plaintiff's Mark.  (Compl. ¶ 30.)  According to plaintiff, such registration and use of the Infringing Domain Name violates 15 U.S.C. §§ 1125(a) and (c).

In an *in rem* action, the remedies are limited to forfeiture, cancellation, or transfer of the Infringing Domain Name to the owner of the Mark.  15 U.S.C. § 1125(d)(2)(D). In

order to be entitled to the relief, plaintiff need only prove a

violation of either Section 1125(a) or 1125(c).  Section 1125(a)

reads as follows:

> (a) Civil action
>
> (1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which –
>
>> (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or
>>
>> (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,
>
> shall be liable in a civil action by any person who believes that he or she is likely to be damaged by such act.

15 U.S.C. § 1125(a)(1).[4]

The undersigned finds plaintiff has sufficiently pled that

it has protectable rights in the UNFORGETTABLE MOMENTS Mark.

(See Compl. ¶ 9.)  First, plaintiff has used the Mark

---

[4] Additionally, 15 U.S.C. § 1125(c)(1) further provides that "the owner of a famous mark that is distinctive, inherently or through acquired distinctiveness, shall be entitled to an injunction against another person who, at any time after the owner's mark has become famous, commences uses of a mark or trade name in commerce that is likely to cause dilution by blurring or dilution by tarnishment of the famous mark, regardless of the presence or absence of actual or likely confusion, of competition, or of actual economic injury."  15 U.S.C. § 1125(c)(1).

extensively in the United States and worldwide in connection with its products and has made substantial investments in developing and maintaining Payless's reputation and goodwill associated with the Mark.  (Id. ¶¶ 9-15; Zappulla Decl. ¶ 6.) Second, plaintiff registered the Mark with the USPTO on April 21, 2009.  (Zappulla Decl. ¶ 8; Compl. ¶ 9.)

Plaintiff also has sufficiently pled that the Mark is at least distinctive, if not famous.  "An identifying mark is distinctive and capable of being protected if it either (1) is inherently distinctive or (2) has acquired distinctiveness through secondary meaning."  Two Pesos, Inc. v. Taco Cabana, Inc., 505 U.S. 763, 769 (1992).  "Factors to consider when determining whether a mark has acquired secondary meaning include: (1) advertising expenditures, (2) unsolicited media coverage of the product, (3) sales success, (4) consumer studies linking the mark to the source, (5) attempts to plagiarize the mark, and (6) the length and exclusivity of the mark's use." Venetian Casino Resort, LLC v. VenetianGold.com, 380 F. Supp. 2d 737, 742 (E.D. Va. 2005).  The Complaint establishes support for these various factors, including plaintiff's extensive advertising and continuous use of the Mark since 2008.  (See Compl. ¶¶ 9-10.)

In addition, the Complaint, Motion for Default Judgment, and supporting documents properly allege that the Infringing

Domain Name is identical or confusingly similar to plaintiff's

Mark.  (Compl. ¶¶ 20, 30; Mot. for Default J. 3-4; Zappulla

Decl. ¶ 14.)  The confusing similarity standard is satisfied

where, as here, the domain name is virtually identical to the

plaintiff's Mark.  See Agri-Supply Co. v. Agrisupply.com, 457 F.

Supp. 23d 660, 663 (E.D. Va. 2006).  The presence of a

typographical difference is not sufficient to avoid a finding of

confusing similarity.  See, e.g., Green v. Fornario, 486 F.3d

100, 103 n.5 (3d Cir. 2007).  The Infringing Domain Name is a

common misspelling of Payless's UNFORGETTABLE MOMENTS Mark and

merely omits a "t."  (Compl. ¶ 20; Zappulla Decl. ¶ 14.)

Furthermore, the website associated with the Infringing Domain

Name features links to footwear, namely, evening shoes, bridal

shoes, and discount shoes, which are related to the goods

offered by Payless under the UNFORGETTABLE MOMENTS Mark.

(Compl. ¶ 21; Ex 3 to Aff. in Supp. Mot. for Default J.)

Because the Infringing Domain Name is virtually identical

to plaintiff's UNFORGETTABLE MOMENTS Mark, plaintiff's actual

and potential customers are likely to be confused and deceived

into believing that the Infringing Domain Name is affiliated

with plaintiff's products.  Indeed, it appears that the

registrant of the Infringing Domain Name has sought to

capitalize on this confusion by diverting customers to pay-per-

click websites for commercial gain.  (Compl. ¶ 19.)  The

Infringing Domain Name has not been used in connection with any legitimate non-commercial use.  (Id.)  Thus, the use of the Infringing Domain Name infringes upon plaintiff's rights in its name and Mark.

Because plaintiff has sufficiently demonstrated that the registration and use of the Infringing Domain Name violates 15 U.S.C. § 1125(a), plaintiff is entitled to the requested relief of the transfer of ownership of the Infringing Domain Name. Accordingly, the Court need not address the requirements of Section 1125(c).

IV.  REQUESTED RELIEF

Under 15 U.S.C. § 1125(d)(1)(C), plaintiff's remedies in this case include forfeiture, cancellation, or transfer of the domain name.  Plaintiff seeks injunctive relief, under 15 U.S.C. § 1125(d), requiring VeriSign, the registry for the Infringing Domain Name, to transfer the registration of the Infringing Domain Name to plaintiff.

IV.  RECOMMENDATION

For the reasons outlined above, the undersigned Magistrate Judge recommends that default judgment be entered in favor of plaintiff with respect to Infringing Domain Name <unforgetablemoments.com>  for violation of the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(a).

Under 15 U.S.C. § 1125(d)(2)(D), plaintiff's remedies include forfeiture, cancellation, or transfer of the domain name to the owner of the mark.  Plaintiff asks that Verisign be required to transfer ownership of Infringing Domain Name <unforgetablemoments.com> from its current registrant to plaintiff.  The undersigned recommends that such relief be granted.

## V.   <u>NOTICE</u>

The parties are advised that exceptions to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within ten (10) days of its service.  A failure to object to this Report and Recommendation waives appellate review of any judgment based on it.

The Clerk is directed to send a copy of this Report and Recommendation to all counsel of record.

_____/s/_____
THERESA CARROLL BUCHANAN
UNITED STATES MAGISTRATE JUDGE

November 20, 2009
Alexandria, Virginia